IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HARLEY VERNON ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 01-N-0527-NE |
| ) | |
| WARDEN JAMES DELOACH and THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | ENTERED |
| Respondents. ) | APR 0 1 2002 |

## MEMORANDUM OPINION

The petitioner, Harley Vernon Roberts, filed his second petition pursuant to 28 U.S.C. § 2254, challenging his 1992 capital murder conviction, on February 28, 2001. The matter was assigned to a magistrate judge of this court who on February 8, 2002, entered a Report and Recommendation, finding that the present petition is due to be dismissed with prejudice because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). The petitioner has filed an objection to the Report and Recommendation, stating that this petition is timely on equitable tolling grounds.

The petitioner was indicted by the Madison County Grand Jury on October 11, 1991, on the charge of capital murder in the shooting death of two individuals. He was convicted on October 3, 1992, following a jury trial. He was sentenced to life imprisonment without the possibility of parole on November 20, 1992. He filed a direct appeal with the Alabama Court of Criminal Appeals and various post-conviction petitions pursuant to Rule 32 of the ALABAMA RULES OF CRIMINAL PROCEDURE. He did not receive any relief in the state courts. The last denial of relief in state court occurred on October 22, 1996, when the Alabama Court of Criminal Appeals issued its certificate



of judgment. (Doc. 8, Ex. 14).

On August 5, 1997, he filed his first habeas corpus petition with this court.[1] The petition was denied and dismissed with prejudice on March 23, 2000, as being barred by the applicable statute of limitations. The court found that under *Weekly v. Moore*, 204 F.3d 1083 (11th Cir. 2000), *judgment vacated*, ___ U.S. ___, 121 S. Ct. 751, 148 L. Ed. 2d 654 (2001), the petition was untimely because his second state post-conviction petition was a successive petition that did not toll the running of the statute of limitations. The petitioner appealed the dismissal to the Eleventh Circuit Court of Appeals and that court denied his motion for a certificate of appealability on September 28, 2000.

On November 7, 2000, the United States Supreme Court decided *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), holding, contrary to *Weekly*, that a successive state post-conviction petition is a properly filed petition for purposes of tolling the statute of limitations.

On February 26, 2001, the petitioner filed his second petition, alleging that it is not time barred in light of *Artuz*.[2] It is that petition that the magistrate judge recommends be dismissed.

When the petitioner filed his first federal habeas corpus petition, 286 days of the 365 days allowed by the statute of limitations had already expired. The magistrate judge found that when the petitioner filed the present petition he only had 79 days remaining under the statute of limitations and that he did not file the petition until 109 days after *Artuz* was decided. Thus, he concluded that the present petition was filed one month beyond the allowable period. On the petitioner's claim that he was entitled to equitable tolling, the magistrate judge stated:

---

[1] The court has used the date the petitioner signed his petition rather than the date it was received by the Clerk of the Court. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[2] The court has again used the date the petitioner signed his petition.

2

> After allowing the petitioner the tolling time while his [(first federal)] petition was pending and beyond until the decision in *Artuz*, the court cannot find any external circumstances beyond his [(the petitioner's)] control that were unavoidable with due diligence that prevented him from filing his petition within the allowable one year period. To the contrary, the court finds that by waiting over three months from the date of the *Artuz* decision to "refile" his petition, he was not exercising the diligence that is necessary in advancing his claim. Much of the petitioner's difficulty is not a result of this court's reliance on *Weekly*, but is directly attributable to the fact that he wasted 286 days from the time his second Rule 32 petition was denied before he filed his initial federal application.

(Doc. 15, pp. 7-8) (footnote omitted). In his objection, the petitioner asserts, for the first time, that after the Supreme Court's decision in *Artuz*,

> . . . acting diligently, [he] petitioned the Eleventh Circuit Court of Appeals with a "motion to recall mandate." Petitioner thought that since that was the last highest court to review his case that he should petition that court, especially in light of the fact that the United States Supreme Court had effectively overruled a decision decided by that Court and relied upon by both that Court and the district court in denying petitioner relief. The Eleventh Circuit Court of Appeals turned down petitioner's motion stating that it lacked jurisdiction. Twenty-six (26) days later petitioner refiled his present petition for federal habeas relief in the district court.

(Doc. 16, p. 3). Premised on these facts, he contends that he acted reasonably and should be allowed to proceed. (*Id.*).

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner and has reached an independent conclusion that the petition is due to be dismissed with prejudice. To the extent that the petitioner asserts that he should be permitted "equitable tolling" because "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," the court finds that he is not entitled to relief. *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999), provides that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances *that are both beyond his control and unavoidable even with diligence*." *Id.* at 1271

(emphasis added). *See also Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1312-13 (11th Cir. 2001), *petition for cert. filed*, December 31, 2001. In *Helton*, the court held that misinformation concerning the deadline for filing a federal habeas corpus petition and prison library deficiencies did not constitute "extraordinary circumstances" warranting application of equitable tolling principles to avoid the constraints of the limitations period under § 2244(d). *Id.*, 259 F.3d 1310. Similarly, this court finds that under the present circumstances, the Supreme Court's decision in *Artuz* and the petitioner's assertion, which may or may not be correct, that "the prison law library does not receive new books with new cases until dates later than normal law libraries," (doc. 16, p. 3) are insufficient to warrant equitable tolling for a number of reasons. First, the petitioner wasted 286 days before filing his first petition. Second, although he did file a motion with the Eleventh Circuit Court of Appeals to recall the mandate in the earlier case, he did not file a motion with that court to file a second or successive petition as is required by 28 U.S.C. § 2244(b)(3). Third, there is no evidence that anything prevented the petitioner from reviewing the provisions of § 2244(b)(3) and filing the appropriate motion with the Eleventh Circuit Court of Appeals. The present circumstances are insufficient to warrant application of equitable tolling.

In support of his arguments herein, the petitioner relies on *Zarvela v. Artuz*, 254 F.3d 373 (2d Cir. 2001) and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998). In *Zarvela*, the district court dismissed a "mixed petition" for a writ of habeas corpus that contained exhausted and unexhausted claims. The primary issue before the Second Circuit Court of Appeals was whether the lower court should have dismissed the petition without prejudice or should have stayed it pending further state court action. *Zarvela*, 254 F.3d at 376. In discussing the issue, the Second Circuit stated, as quoted by the petitioner herein, that "[p]rompt action by the

4

petitioner to initiate exhaustion and return to federal court after its completion serves as the functional equivalent of the 'reasonable diligence' that has long been a prerequisite to equitable tolling of limitations periods." *Id.* at 382. The petitioner also asserts his situation is similar to the petitioner in *Zarvela* in that he should not lose his opportunity to present his claims because he requested the wrong relief. *Id.* at 383. In *Stewart*, the petitioner was convicted of first-degree murder and sentenced to death. His direct appeal and state habeas petitions were unsuccessful. He filed three federal habeas corpus petitions that were dismissed for failure to exhaust state remedies. In his fourth federal petition, he asserted various claims including that he was incompetent to be executed pursuant to *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986). The court dismissed the *Ford* claim, but granted the writ on other grounds. The Ninth Circuit Court of Appeals reversed the lower court's granting of the writ but stated that the reversal was not intended to affect any later litigation of the *Ford* claim. *Stewart*, 523 U.S. at 640. The petitioner's counsel moved the district court to reopen his earlier petition. The court denied the motion, but stated "that it had 'no intention of treating the *Ford* claim as a successive petition'" under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* The State of Arizona obtained a warrant for his execution. The State trial court held a hearing on his *Ford* claim and concluded he was competent to be executed. The Arizona Supreme Court rejected his appeal and he moved to "reopen" his case on the *Ford* claim. The State asserted that the court lacked jurisdiction under AEDPA. The district court agreed. The petitioner filed an application with the Court of Appeals to file a successive petition pursuant to § 2244(b)(3). The Ninth Circuit held that the provision did not apply because the petitioner raised only a competency to be executed claim. The United States Supreme Court granted certiorari and held that the petitioner's *Ford* claim was due to be reviewed

in the district court because it is similar to a claim that is unexhausted and dismissed without prejudice. *Stewart*, 523 U.S. 644-45.

This court finds the petitioner's situation is distinguishable from both *Zarvela* and *Stewart*. Unlike the petitioner in *Zarvela*, the law applicable in this case is clear in that a federal habeas corpus petition must be filed within the one-year statute of limitations. This petition is due to be dismissed because the petitioner was dilatory in advancing his claims in the original action and in the present matter. His belated attempt to overcome these deficiencies is insufficient to warrant equitable tolling. Unlike the petitioner in *Stewart*, the petitioner herein did not act expeditiously in presenting his claims and his claims were not premature when they were presented. To treat the present petition as an application to reopen the old case would reward the petitioner for acting without regard to the applicable statutes and for failing to act diligently. Accordingly, the petition is due to be dismissed with prejudice.

An appropriate order will be entered.

DONE, this 1st day of April, 2002.

EDWIN L. NELSON
United States District Judge